**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


GEORGE A.   WINKELMAN,       )
                                        )
                 Petitioner,    )
                                          )      Civil Action No. 11-240E
     vs.                          )
                                          )      Judge Sean McLaughlin/
ARCHIE B. LONGLEY, Warden,    )      Magistrate Judge Maureen P. Kelly
                                          )
                   Respondent.   )

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus By a Federal Prisoner under Title 28 U.S.C. § 2241, ECF No. [3] (the "Section 2241 Petition"), be dismissed prior to being served because on its face it appears that Petitioner is not entitled to relief under Section 2241.

### II.    REPORT

George A. Winkelman ("Petitioner") is currently incarcerated at the Federal Correctional Institution – McKean ("FCI-McKean"), which is located within this judicial district.   Petitioner has filed several Section 2241 habeas petitions as well as other petitions/motions seeking to attack his convictions.   The present Section 2241 Petition constitutes an abuse of the writ and should be dismissed as such.   Alternatively, the present Section 2241 Petition cannot be used to serve in place of a Section 2255 motion in order to attack the validity of his conviction because, as the United States Court of Appeals for the Third Circuit has already decided, Petitioner could have brought his claims earlier.   As such, he has failed to show that he comes within the narrow exception of In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997), which permits a Section 2241

1

habeas petition to attack the validity of a conviction.

## A.    RULE 4

Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts

provides, in relevant part, that:

> If it plainly appears from the motion, and any attached exhibits, and the record of
> prior proceedings that the moving party is not entitled to relief, the judge must
> dismiss the motion and direct the clerk to notify the moving party.

"Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient

habeas petitions brought under § 2241[.]"  Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D.

Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D.Md. 2001).

The Section 2241 Petition has not been served yet.   In accordance with Rule 4, this Court

may dismiss the Section 2241 Petition if it plainly appears on its face that Petitioner is not

entitled to relief. The Court concludes that it plainly appears from the face of the Section 2241

Petition and from the record of prior proceedings that Petitioner's claims are not jurisdictionally

appropriate under Section 2241 and hence, he is not entitled to relief and/or that the Section 2241

Petition constitutes an abuse of the writ.

In deciding this Section 2241 Petition, this Court takes judicial notice of the dockets and

filings in the United States District Court for the Middle District of Pennsylvania, wherein

Petitioner was convicted of the crimes he now challenges and judicial notice of records in the

United States Court of Appeals for the Third Circuit and finds that Petitioner is not entitled to

relief.

## B.    FACTUAL AND PROCEDURAL HISTORY

In 2008, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

(the "2008 Section 2241 Petition") in the Western District of Pennsylvania, his district of

confinement. Winkelman alleged in the 2008 Section 2241 Petition that his sentence should be vacated and the case should be remanded for resentencing because he was actually innocent of the firearms offenses based on Watson v. United States, 552 U.S. 74 (2001) . Winkelman v. Quintana, No. 08-cv-354E, 2011 WL 1434614 (W.D. Pa. April 14, 2011). Magistrate Judge Baxter dismissed the petition for lack of subject matter jurisdiction. The Court of Appeals affirmed. Winkelman v. Quintana, __ F.App'x __, 2011 WL 3235696 (3d Cir. July 29, 2011.) The Court hereby incorporates herein the procedural and factual history of Petitioner's criminal case as well as his post-conviction motions/petitions as recounted by the Court of Appeals in its July 29, 2011 opinion.

### C. DISCUSSION

In the present Section 2241 Petition, Petitioner raises essentially the same claim as he previously raised in the 2008 Section 2241 Petition. Compare ECF No. [4] at 7 ("In the present case, the Petitioner submits, that the supervening change in the scope and application of § 924(c)(1) as articulated in Watson v. United States 552 U.S. 74, 128 S.Ct. 579, 169 L.ED.2d 472 (2001), indeed constitutes an extraordinary circumstance justifying the Courts to allow the Petitioner to challenge his conviction and sentence pursuant to 28 U.S.C. §2241 . . . .") with Winkelman v. Quintana, No. 08-cv-354E (W.D. Pa. ECF No. [4] at 6) ("COMES NOW, George A. Winkelman, . . [who] would ask that this Court grant said motion, vacating the Petitioner,s [sic] sentence under Count Ten and Count Twelve of his Third Superseding Indictment, based upon the United States Supreme Court,s [sic] recent ruling in Watson v. United States, 128 S.Ct. 579, 169 L.Ed.2d 472 (Dec. 10, 2007), Case No. 06-571, which deemed that the activity that led to Petitioner,s [sic] two 18 U.S.C. § 924(c)(1) convictions, did not violate the statute . . . .").

We find that the present Section 2241 Petition constitutes an abuse of the writ and should be dismissed as such because Petitioner raises herein the same claim as he raised in the 2008 Section 2241 Petition.  Millhouse v. Zickefoose, __ F.App'x __, 2011 WL 3235701, at *1 (3d Cir. July 29, 2011) ("The District Court determined that Millhouse's claims again challenged the fact of his conviction, and dismissed the petition for lack of jurisdiction. It further concluded that the petition constituted an abuse of the writ because Millhouse had raised the same claims in prior § 2241 petitions."), *cert. dismissed*, __ U.S. __, 2011 WL 4051971, 80 USLW 3219 (U.S. Oct. 11, 2011); Jung v. U.S., 988 F.2d 120 (Table), 1993 WL 33857, at *1 (9th Cir. 1993) ("To prevent abuse of the writ, however, the federal court retains discretion to refuse to consider a claim presented in a section 2255 petition if the claim has been previously presented."); Jeffers v. Clark, 985 F.2d 563 (Table), 1993 WL 20070, at *1 (7th Cir. 1993) ("Successive petitions under 28 U.S.C. § 2254 constitute an abuse of the writ if they fail to allege new or different grounds, or if the claim could have been raised in the earlier petition.").

In the alternative, we find that Petitioner has failed to carry his burden to show that a Section 2255 motion is inadequate or ineffective to challenge the validity of his conviction so as to permit him to file this present Section 2241 petition in order to challenge the validity of his conviction.  Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000) ("Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.") (citations omitted).   It is the burden of the Petitioner to prove that a motion under Section 2255 is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.")(per curiam).   Petitioner has not met

that burden.

The Court of Appeals in the landmark case of <u>In re Dorsainvil</u>, 119 F.3d 245, 247 (3d Cir. 1997) explained the burden a federal convict is generally required to meet in order to show that a Section 2255 motion is inadequate or ineffective so as to utilize a Section 2241 petition to attack the validity of a conviction.   In order to show a Section 2255 motion is inadequate or ineffective so as to permit using a Section 2241 petition to attack the validity of a conviction, <u>Dorsainvil</u> requires petitioners to prove that 1) they are actually innocent of the crimes and 2) they had no prior opportunity to make the showing that they are actually innocent.

Petitioner cannot show that he had no prior opportunity to make the showing.   As the Court of Appeals already held when it rejected Petitioner's appeal of the 2008 Section 2241 Petition:

> Winkelman claims that § 2255 is inadequate or ineffective because the Supreme Court decision in <u>Watson</u> negated his firearms convictions. Based on <u>Watson</u>, Winkelman claims that he did not use a firearm under 18 U.S.C. § 924(c)(1)(A). Even if <u>Watson</u> negates his firearms convictions, Winkelman had an earlier opportunity to challenge, and did attempt to challenge, his firearms convictions under <u>Watson</u>. However, the District Court denied his <u>Watson</u> argument on procedural grounds, and this Court denied his request to appeal that decision. Winkelman, therefore, does not fit within the narrow situation where a § 2255 motion would be inadequate or ineffective to challenge a conviction, and the District Court properly dismissed Winkelman's § 2241 petition for lack of subject matter jurisdiction.

<u>Winkelman v. Quintana</u>, __ F.App'x __, 2011 WL 3235696, at *2 (3d Cir. July 29, 2011).   We can say it no better than the Court of Appeals.

Because Petitioner had a prior opportunity to make the showing that he is actually innocent of the firearms convictions in light of <u>Watson</u>, he cannot carry his burden to show he comes within the <u>Dorsainvil</u> exception.   Nor do we find that Petitioner's circumstances justify

the recognition of any exception in addition to the <u>Dorsainvil</u> exception so as to permit Petitioner to proceed via Section 2241 in order to attack the validity of his conviction.   In light of the foregoing, the present Section 2241 Petition must be dismissed as being an improper attempt to utilize a Section 2241 petition in order to attack the validity of Petitioner's conviction and must be dismissed as jurisdictionally improper.

Accordingly, the pending Section 2241 Petition should be dismissed prior to service because it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief within the meaning of Rule 4.

## III.    CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72, the parties are allowed until November 21, 2011, to file written objections to this report. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.   Failure to timely file objections will constitute a waiver of any appellate rights.   <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


<u>s/ Maureen P. Kelly</u>
Maureen P. Kelly
U.S. Magistrate Judge


Dated:   November 3, 2011

cc:    The Honorable Sean McLaughlin
       United States District Judge

       George Winkelman
       10505-067
       MCKEAN
       FEDERAL CORRECTIONAL INSTITUTION
       Inmate Mail/Parcels

6

P.O. BOX 8000
BRADFORD, PA 16701